**Melody Ann POTTER, Petitioner–Appellant,**

v.

**Joan YUKINS, Warden, Respondent–Appellee.**

**No. 00–1934.**

United States Court of Appeals, Sixth Circuit.

March 7, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

Melody Ann Potter appeals a district court order dismissing her petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Potter pleaded guilty in Michigan state court to uttering and publishing, and the trial court sentenced her to 9 to 14 years of imprisonment. In February 2000, Potter filed her § 2254 habeas petition, alleging that: 1) the trial court failed to consider the appropriate factors and standards when imposing its sentence; 2) the trial court improperly considered inaccurate information in sentencing Potter; 3) the trial court improperly considered pending charges in imposing Potter's sentence; and 4) the trial court's sentence was disproportionate to the crime. The district court determined that Potter's claims were without merit and dismissed the case.

The district court did grant Potter a certificate of appealability for her claims. Potter has filed a timely appeal.

■ Upon review, we conclude that the district court properly dismissed Potter's habeas petition. This court renders de novo review of a district court's dismissal of a § 2254 petition, but reviews the court's factual findings for clear error. *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d).

■ Potter's claims are without merit. Potter first argues that the trial court relied on inaccurate information in imposing its sentence. In order to obtain habeas corpus relief for this claim, Potter must show that her sentence was based on extensively and materially false information which she had no opportunity to correct. *Roberts v. United States*, 445 U.S. 552, 556, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980). In order to establish a due process violation based on the use of false information in sentencing, a habeas petitioner must show that the information in question was materially false and that the trial court relied on it. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir.1984); *Collins v. Buchkoe*, 493 F.2d 343, 345–46 (6th Cir. 1974). Potter has not shown that the trial court relied on materially false information.

■ Potter also argues that the trial court improperly considered several crimi-

nal charges that were pending against her. However, a court may properly consider the defendant's past conduct in determining punishment, including evidence of crimes for which the defendant has not yet been convicted. *See Bourgeois v. Whitley,* 784 F.2d 718, 720 (5th Cir.1986) (sentencing court may properly consider evidence of crimes for which the defendant has been indicted but not convicted); *United States v. Johnson,* 767 F.2d 1259, 1276 (8th Cir. 1985) (sentencing court may consider uncorroborated hearsay and criminal activity for which the defendant has not been prosecuted).

■ Potter next argues that her sentence was disproportionate to her crime. However, strict proportionality between a crime and its punishment is not required, *Harmelin v. Michigan,* 501 U.S. 957, 959–60, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), and only an extreme disparity between the crime and the sentence offends the Eighth Amendment. *United States v. Marks,* 209 F.3d 577, 583 (6th Cir.), *cert. denied,* 531 U.S. 882, 121 S.Ct. 195, 148 L.Ed.2d 136 (2000). A sentence that falls within the maximum penalty set by statute generally does not constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir.2000). Potter's sentence fell within the statutory maximum penalty of 14 years of imprisonment established by Michigan law. *See* Mich. Comp. Laws § 750.249. Further, Potter had previously been convicted of 14 felonies and 15 misdemeanors involving similar conduct to her current conviction. In light of this extensive criminal history, the trial court's sentence was not excessive.

Lastly, to the extent that Potter argues that the trial court violated state law when sentencing her, this claim is not cognizable in a federal habeas corpus proceeding. *Austin,* 213 F.3d at 300.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.