PEOPLE v HOLIBAUGH

INDICTMENT AND INFORMATION—ORAL AMENDMENT—APPEAL AND ER-
ROR—PRESERVING QUESTION.

An appellate court will not review a defendant's contention
that the failure to reduce to writing an oral amendment to
the information at arraignment, adding a charge of larceny
over $100 to a charge of armed robbery, inadequately informed
the defendant of the charge against him where no timely
objection was raised at the arraignment and an examination
of the record discloses no prejudicial error (MCLA 767.76).

Appeal from Hillsdale, Robert W. McIntyre, J.
Submitted Division 2 December 7, 1971, at Lansing.
(Docket No. 11189.)   Decided January 26, 1972.

Stephen Holibaugh was convicted, on his plea of
guilty, of larceny over $100.   Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Lawrence L.
Hayes,* Prosecuting Attorney, for the people.

*Lewis I. Loren,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and TAR-
GONSKI,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur 2d, Indictments and Informations § 183.

Per Curiam. Defendant was convicted upon his plea of guilty to larceny over $100 (MCLA § 750.356 [Stat Ann 1971 Cum Supp § 28.588]) in the Hillsdale County Circuit Court. He appeals of right.

Defendant was originally charged with armed robbery. MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). The information was orally amended at his arraignment to include larceny over $100. Defendant argues the failure to reduce this to writing inadequately informed him of the charge against him. No objection to this was raised at the arraignment. An examination of the record discloses no prejudicial error. MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016). This Court will not consider such an objection for the first time on appeal. *People* v. *Kildow* (1969), 19 Mich 194.

Affirmed.