PEOPLE v BOLLINGER

Docket No. 188739. Submitted June 3, 1997, at Detroit. Decided July 15, 1997, at 9:05 A.M.

Thomas J. Bollinger pleaded guilty in the Lenawee Circuit Court, Timothy P. Pickard, J., of absconding on a bond as part of a plea bargain, but reserved the right to claim on appeal that the plea bargain was illusory because the supplemental information that charged the defendant as an habitual offender and that the prosecutor promised to forgo prosecution on had not been filed within twenty-one days of the defendant's arraignment as required by MCL 769.13(1); MSA 28.1085(1). The defendant appealed.

The Court of Appeals *held*:

The prosecutor could not have proceeded on the untimely supplemental information, thus making the plea bargain illusory to the extent that it was induced by the prosecutor's promise to forgo prosecution on the supplemental information.

Guilty plea and conviction vacated, supplemental information dismissed, and case remanded for further proceedings.

CRIMINAL LAW — HABITUAL OFFENDERS — PLEA BARGAINS — UNTIMELY SUPPLE-MENTAL INFORMATIONS.

A plea bargain induced by a prosecutor's promise to forgo prosecution on a supplemental information charging a defendant as an habitual offender is illusory where the supplemental information was not filed following the defendant's arraignment or waiver of arraignment within the times required by statute (MCL 769.13[1]; MSA 28.1085[1]).

*Robert G. Fleming*, for the defendant on appeal.

Before: MacKenzie, P.J., and Neff and Markey, JJ.

Per Curiam. Defendant pleaded guilty of absconding on a bond, MCL 750.199a; MSA 28.396(1), and was sentenced to two to four years' imprisonment. Defendant specifically reserved the right to appeal the issue whether his plea bargain was illusory because it

was induced by a promise to forgo prosecution under a supplemental information that was untimely filed.[1] We vacate defendant's plea and remand pursuant to MCR 6.312.

In *People v Fountain*, 407 Mich 96, 98-99; 282 NW2d 168 (1979), our Supreme Court held that a prosecutor who knows that a person has a prior felony record must proceed promptly, if at all, against the person as an habitual offender. The Court subsequently held, in *People v Shelton*, 412 Mich 565, 569; 315 NW2d 537 (1982), that "a supplemental information is filed 'promptly' if it is filed not more than 14 days after the defendant is arraigned in circuit court." The Legislature has recently amended MCL 769.13(1); MSA 28.1085(1) to provide as follows:

> In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

Both the Supreme Court and the Legislature have thus expressed their intent to establish a bright-line test for determining whether a prosecutor has filed a supplemental information "promptly."

In the present case, there is no question that the supplemental information was untimely because it was filed more than twenty-one days after defendant's

---

[1] Cf. *People v Lannom*, 441 Mich 490, 494-495; 490 NW2d 396 (1992) (guilty plea to habitual offender charge waives challenge to the prosecutor's failure to timely file the supplemental charge).

arraignment. MCL 769.13(1); MSA 28.1085(1); *Shelton, supra* at 569. The only published case we have found holding that the prosecution may proceed upon an untimely supplemental information was, in our view, wrongly decided and we decline to follow it. See *People v Rush*, 118 Mich App 236, 240-241; 324 NW2d 586 (1982). Accordingly, we agree with defendant that, insofar as his guilty plea was induced by the prosecutor's promise to forgo prosecution of defendant as an habitual offender, the plea bargain was illusory. *People v Mrozek*, 147 Mich App 304, 306-308; 382 NW2d 774 (1985).

Defendant's guilty plea and his plea-based conviction are vacated, and the supplemental information is dismissed. This matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.