## PEOPLE v ELLIS

Docket No. 187968. Submitted April 3, 1997, at Lansing. Decided July 29, 1997, at 9:05 A.M.

Edward L. Ellis pleaded guilty in the Saginaw Circuit Court, William A. Crane, J., of prison escape and of being an habitual offender, fourth offense. The guilty plea was conditioned on the right of the defendant to appeal the denial of his motion to quash the amended information to which he pleaded guilty. The defendant was originally charged with being an habitual offender, second offense, in a supplemental information filed by the prosecution within twenty-one days of his arraignment, in accordance with the mandate of MCL 769.13; MSA 28.1085. Approximately six weeks later, the prosecution filed an amended supplemental information alleging two additional prior convictions, thus changing the supplemental information to one charging the defendant with being an habitual offender, fourth offense. The defendant's motion to quash the amended supplemental information on the basis that he had not been promptly charged with being an habitual offender, fourth offense, was denied by the trial court, and the defendant's guilty plea of being an habitual offender, fourth offense was accepted by the court. The defendant appealed.

The Court of Appeals *held*:

1. A prosecutor who wishes to file a supplemental information alleging that a defendant is an habitual offender must do so promptly. The Legislature has provided in MCL 769.13; MSA 28.1085 that a prosecutor who seeks to enhance a sentence on the basis of the defendant being an habitual offender must give written notice of that intent in a notice that lists the prior conviction or convictions that will or may be relied upon for enhancement within twenty-one days of a defendant's arraignment on or, if arraignment is waived, the filing of the information charging the underlying offense. A prosecutor's filing of a supplemental information is deemed to be prompt where it is filed in accordance with the temporal mandates of MCL 769.13; MSA 28.1085.

2. A court, in the exercise of its discretion pursuant to MCL 767.76; MSA 28.1086, may allow amendment of an information where a defendant suffers no prejudice from such amendment.

However, the amendment in this case, whereby the prosecution was allowed to allege two additional prior convictions and to thus raise the enhanced sentence that could be imposed on the defendant from a seven-year sentence to a possible life sentence, is contrary to the clear intent of MCL 769.13; MSA 28.1085 that the prior conviction or convictions upon which the prosecutor intends to rely be set forth in the notice of intent that must be filed within twenty-one days of the arraignment on or the filing of the information charging the underlying offense and clearly prejudices the defendant. Accordingly, the court erred in denying the defendant's motion to quash the amended supplemental information.

Convictions vacated, amended supplemental information dismissed, and matter remanded.

CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFORMATIONS — AMENDMENT OF SUPPLEMENTAL INFORMATIONS.

A prosecutor may not amend a supplemental information charging a defendant with being an habitual offender by alleging further prior convictions upon which the prosecutor intends to rely where the amendment is not filed within twenty-one days of the defendant's arraignment on or, if arraignment is waived, the filing of the information charging the underlying offense (MCL 769.13; MSA 28.1085).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *Catherine Langevin Semel*, Assistant Prosecuting Attorney, for the people.

*Bruce L. Hulse*, for the defendant.

Before: SAAD, P.J., and NEFF and JANSEN, JJ.

PER CURIAM. Defendant pleaded guilty of escape from prison, MCL 750.193; MSA 28.390, and of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, and he was sentenced to four to eight years' imprisonment. Defendant's plea was conditioned on his right to appeal the court's denial of his motion to quash the amended supplemental information. We reverse defendant's plea-based convictions and remand pursuant to MCR 6.312.

I

If a prosecutor wishes to file a supplemental information alleging that a defendant is an habitual offender, he must do so "promptly." *People v Fountain*, 407 Mich 96, 98; 282 NW2d 168 (1979). In defining "promptly," our Supreme Court has stated:

> The purpose of requiring a prosecutor to proceed "promptly" to file the supplemental information is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense. We conclude that a standard which would find a filing on the day of trial to suffice is an inadequate one. We recognize that any "rule" which we might establish is subject to the criticism that it is arbitrary. However, we believe that the imposition of a "rule" is preferable to the ad hoc decision-making which has been the practice heretofore.
>
> Accordingly, we hold that a supplemental information is filed "promptly" if it is filed not more than 14 days after the defendant is arraigned in circuit court (or has waived arraignment) on the information charging the underlying felony, or before trial if the defendant is tried within that 14-day period. We believe that such a rule allows the prosecutor sufficient time to make a decision concerning supplementation while at the same time providing notice at an early stage of the proceedings to the defendant of the potential consequences of conviction of the underlying felony. [*People v Shelton*, 412 Mich 565, 569; 315 NW2d 537 (1982).]

The Legislature has seen fit to enlarge the time within which a prosecutor may file an habitual offender information to twenty-one days:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after

the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

(2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). [MCL 769.13; MSA 28.1085, as amended by 1994 PA 110.]

As this Court has recently held, this statute reflects a bright-line test for determining whether a prosecutor has filed a supplemental information "promptly." *People v Bollinger*, 224 Mich App 491, 492; 569 NW2d 646 (1997).

II

In the present case, it is without question that the prosecutor promptly filed a supplemental information charging defendant with being an habitual offender, second offense. MCL 769.10; MSA 28.1082. Approximately six weeks later, however, the prosecutor filed an amended supplemental information alleging two additional prior convictions, thus changing the supplemental information to habitual offender, fourth offense. MCL 769.12; MSA 28.1084. The question thus presented is whether the prosecution may amend an otherwise timely supplemental information outside the period set forth in MCL 769.13(1); MSA 28.1085(1) to allege additional prior convictions. We hold that it may not.

A

MCL 769.13; MSA 28.1085 does not provide for amendment of a supplemental information. However, MCL 767.76; MSA 28.1016 generally allows amendment of an indictment as a matter of the court's discretion, as long as the defendant does not suffer prejudice. We thus turn to the rules of statutory construction for guidance.

Both statutes relate to criminal informations and thus are in pari materia and must be read together as one law. *People v Denio*, 454 Mich 691, 702; 564 NW2d 13 (1997). If the two statutes lend themselves to a construction that avoids conflict, that construction should control. *House Speaker v State Administrative Bd*, 441 Mich 547, 568-569; 495 NW2d 539 (1993).

Moreover, when two statutes or provisions conflict and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *National Center for Mfg Sciences, Inc v Ann Arbor*, 221 Mich App 541, 549; 563 NW2d 65 (1997). The specific statute is treated as an exception to the general one. *People v Rogers*, 438 Mich 602, 616; 475 NW2d 717 (1991). Similarly, a more recently enacted law has precedence. *Id.* These rules are particularly persuasive where, as here, one statute is both the more specific and the more recent. *Id.*

B

Here, the controlling statute, MCL 769.13; MSA 28.1085, requires the prosecutor to give notice to a defendant within twenty-one days of arraignment of the prior convictions to be relied on for purposes of sentence enhancement. Reading this statute in harmony with MCL 767.76, MSA 28.1016, we hold that

the supplemental information may be amended outside the statutory period only to the extent that the proposed amendment does not relate to the specific requirements of MCL 769.13; MSA 28.1085, i.e., the amendment may not relate to additional prior convictions not included in the timely filed supplemental information. To hold otherwise would be to permit prosecutors to avoid making the necessary "prompt" decision regarding the level of supplementation, if any, they wish to pursue[1] and would materially alter the "potential consequences" to the accused of conviction or plea. *Shelton, supra* at 569.

In the present case, the prosecutor's amendment alleged two additional prior convictions, thus subjecting defendant to a potential life sentence, rather than a seven-year sentence enhancement as in the original supplemental information. See MCL 769.10, 769.12; MSA 28.1082, 28.1084.[2] Because this amendment involved a substantial element of the notice required by MCL 769.13; MSA 28.1085, the circuit court erred in denying defendant's motion to quash the amended information.

---

[1] We find further support for our holding in existing case law from our Supreme Court. For example, in *Fountain, supra,* the Court held that the only exception to a prompt filing of a supplemental information is where more time is needed to verify out-of-state convictions. *Id.* at 98-99. In the case before us, the prosecutor explained that he did not discover the two additional convictions when he originally reviewed defendant's criminal record. This explanation is insufficient to justify noncompliance with the provisions of MCL 769.13; MSA 28.1085.

[2] This case is thus distinguishable from *People v Manning,* 163 Mich App 641; 415 NW2d 1 (1987), where the Court upheld an amendment of a supplemental information outside the fourteen-day rule set forth in *Shelton, supra.* In *Manning,* the amended supplemental information corrected an error in the specific convictions that formed the basis of the habitual offender, fourth offense charge. However, the amendment did not elevate the level of the supplemental charge.

III

Because of our resolution of the first issue, defendant's challenge to his sentence is moot. We note, however, that a defendant who pleads guilty with knowledge of the sentence agrees that the sentence is proportionate to the offense and the offender. *People v Cobbs*, 443 Mich 276, 285; 505 NW2d 208 (1993).

IV

Defendant's guilty plea and his plea-based convictions are vacated, and the amended supplemental information is dismissed. This matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.