PEOPLE v SITERLET

Docket No. 308080. Submitted December 11, 2012, at Lansing. Decided December 27, 2012, at 9:15 a.m. Leave to appeal sought.

Kris E. Siterlet pleaded guilty on the first day of trial in the Clare Circuit Court, Roy G. Mienk, J., of operating a vehicle with a suspended or revoked license, second offense. The jury then convicted defendant of operating a vehicle while visibly impaired, third offense. He was sentenced to one year in prison for the former conviction and, as a fourth-offense habitual offender, to 46 months to 25 years in prison for the latter conviction. Defendant appealed with regard to the sentence imposed for the conviction of operating a vehicle while visibly impaired. He alleged that he should have been sentenced as a third-offense habitual offender because he was originally charged as a fourth-offense habitual offender, the prosecution amended the felony information during plea negotiations to charge defendant as a third-offense habitual offender, and, after defendant rejected the plea offer, the prosecution did not file another amendment to increase the habitual-offender level back to fourth-offense status until four days after the trial.

The Court of Appeals *held*:

1. The issue regarding sentencing defendant as a fourth-offense habitual offender was not raised by him in the trial court and is, therefore, reviewed for plain error. To avoid forfeiture under the plain-error rule, a defendant must prove (1) that there was error, (2) that the error was plain, i.e., clear or obvious, and (3) that the plain error affected substantial rights, i.e., the outcome of the lower-court proceedings. Once the defendant establishes the three requirements, the Court of Appeals must exercise its discretion in deciding whether to reverse. However, reversal is warranted only if the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings or resulted in the conviction of an actually innocent person. Plain error that affects substantial rights does not necessarily result in the conviction of an actually innocent person or seriously affect the fairness, integrity, or public reputation of judicial proceedings.

2. MCL 769.13(1) provides that the prosecution may seek to enhance the sentence of an habitual offender if it files a written notice within 21 days after arraignment or, if the defendant waives arraignment, within 21 days after the filing of the information charging the underlying offense. The purpose of the 21-day-notice rule is to give the defendant notice of the potential consequences should a conviction arise. The 21-day-notice rule is a bright-line test that must be strictly applied.

3. MCL 767.76 provides that an information may be amended any time before, during, or after trial to cure any defect, imperfection, or omission in form or substance, including a variance between the information and the proofs, as long as the defendant is not prejudiced by the amendment and the amendment does not charge a new crime. MCR 6.112(H) provides that a court may permit the prosecution before, during, or after trial to amend the information unless the proposed amendment would unfairly surprise or prejudice the defendant. Under these two provisions, the prosecution may not amend an information after the 21-day period provided in MCL 769.13(1) to include additional prior convictions and, therefore, increase potential sentence consequences.

4. The prosecution filed the second amended felony information in order to increase defendant's habitual-offender level well after the expiration of the 21-day period. There was no error or defect in the first amended information, which decreased defendant's habitual-offense level in an effort to secure a plea agreement. The second amended information sought to impose more severe consequences on defendant by increasing his habitual-offender level and, therefore, his potential sentence. The increase in the habitual-offender level had the effect of increasing the sentence imposed. Defendant, therefore, showed that an error occurred that affected the outcome of the lower-court proceedings. Nevertheless, defendant was not entitled to relief because the error in this case was not plain error. It was not clear or obvious, given the existing legal precedent and the facts of this case, that the prosecution was prohibited from amending the information to increase defendant's habitual-offender level. No binding precedent clearly established that the amendment could not be made. Even if the error was plain, given defendant's qualification as a fourth-offense habitual offender and his knowledge that the prosecution was pursuing the fourth-offense enhancement following the failure to reach a plea agreement, defendant's sentence as a fourth-offense habitual offender did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

Affirmed.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, *Michelle Ambrozaitis*, Prosecuting Attorney, and *Laura A. Cook*, Assistant Attorney General, for the people.

State Appellate Defender (by *Christopher M. Smith*) for defendant.

Before: WHITBECK, P.J., and FITZGERALD and BECKERING, JJ.

PER CURIAM. Defendant, Kris Edward Siterlet, appeals as of right his conviction following a jury trial of operating a vehicle while visibly impaired, third offense, MCL 257.625(3) and (11)(c).[1] At issue is whether the trial court could sentence defendant as a fourth-offense habitual offender, MCL 769.12, after the prosecution twice amended the felony information to change defendant's habitual-offender level. The prosecution originally charged defendant as a fourth-offense habitual offender. However, the prosecution amended the felony information during plea negotiations to charge defendant as a third-offense habitual offender, MCL 769.11. After defendant rejected the prosecution's plea offers, the prosecution pursued the case as if defendant was charged as a fourth-offense habitual offender, to which defendant did not object. Defendant was tried and convicted of operating a vehicle while visually impaired, third offense. Four days after trial, the prosecution filed a second amended felony information to increase defendant's habitual-offender level back to fourth-offense

---

[1] Defendant also pleaded guilty of operating a vehicle with a suspended or revoked license, second offense, MCL 257.904(1) and (3)(b), and the trial court imposed a one-year sentence for that conviction. However, this plea-based conviction is not at issue in this appeal.

status. Defendant did not object to this amendment. The trial court sentenced him as a fourth-offense habitual offender to 46 months to 25 years in prison.

Defendant argues on appeal that the trial court erred by sentencing him as a fourth-offense habitual offender because the information in place during the plea negotiations and at trial alleged that he was a third-offense habitual offender. We hold that the trial court erred by sentencing defendant as a fourth-offense habitual offender because the prosecution improperly amended the felony information to increase defendant's habitual-offender level after the 21-day period provided for in MCL 769.13(1). However, we also hold that defendant is not entitled to relief with regard to this unpreserved argument because the trial court's error was not plain and did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. Therefore, we affirm.

## I. PERTINENT FACTS

On October 15, 2010, the police arrested defendant for driving while impaired; Breathalyzer tests indicated that defendant's blood alcohol level was 0.11. In a felony information filed on November 19, 2010, the prosecution charged defendant as a fourth-offense habitual offender with operating a vehicle while visibly impaired, third offense, and operating a vehicle with a suspended or revoked license, second offense. On June 15, 2011, the prosecution amended the felony information to charge defendant as a third-offense habitual offender. The amendment occurred during plea negotiations, in which the prosecution first offered to charge defendant as a third-offense habitual offender and later offered to charge defendant as a second-offense habitual offender. However, defendant rejected these plea offers.

On August 18, 2011, the prosecution filed three motions in the trial court referring to how defendant was then charged as an habitual offender. In a motion in limine, the prosecution alleged that defendant was charged at that time as a third-offense habitual offender. However, in both a motion to suppress evidence and a motion to suppress nonexpert testimony, the prosecution alleged that defendant was charged at that time as a fourth-offense habitual offender. In response to the prosecution's motion to suppress nonexpert testimony, defendant admitted the prosecution's allegation that he was charged at that time as a fourth-offense habitual offender.

The amended information charging defendant as a third-offense habitual offender remained unchanged during defendant's trial. On the first day of trial, defendant pleaded guilty of operating a vehicle while his license was suspended or revoked, second offense. A jury then convicted him of operating a vehicle while visibly impaired, third offense. On September 27, 2011 (four days after trial), the prosecution filed a second amended felony information to increase defendant's habitual-offender level back to fourth-offense status. Defendant did not object to this amendment, and on December 5, 2011, the trial court sentenced him as a fourth-offense habitual offender.

## II. ANALYSIS

Defendant's only argument on appeal is that the trial court erred by sentencing him as a fourth-offense habitual offender. Defendant did not raise this issue before the trial court; therefore, our review is for plain error. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To avoid issue forfeiture under the plain-error rule, defendant must prove the following: (1) there was an error, (2)

the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights, i.e., the outcome of the lower-court proceedings. *Id.* at 763. Once defendant has established these three requirements, this Court "must exercise its discretion in deciding whether to reverse." *Id.* Reversal is warranted only if the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings or resulted in the conviction of an actually innocent person. *Id.* A plain error that affects substantial rights does not necessarily result in the conviction of an actually innocent person or seriously affect the fairness, integrity, or public reputation of judicial proceedings. See *People v Vaughn*, 491 Mich 642, 666-667; 821 NW2d 288 (2012) (holding that the closure of a courtroom during jury selection, a structural error, did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings); see also *Johnson v United States*, 520 US 461, 469-470; 117 S Ct 1544; 137 L Ed 2d 718 (1997) (holding that a plain error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings even though the error was assumed to have affected substantial rights).

MCL 769.13 governs the procedure for seeking sentence enhancement as an habitual offender. MCL 769.13(1) states the following:

> In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under [MCL 769.10, MCL 769.11, or MCL 769.12], by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

The purpose of the 21-day-notice rule is to give the defendant notice of the potential consequences should a

conviction arise. See *People v Shelton*, 412 Mich 565, 569; 315 NW2d 537 (1982). The 21-day-notice rule is a bright-line test that must be strictly applied. *People v Morales*, 240 Mich App 571, 575-576; 618 NW2d 10 (2000).

Under MCL 767.76,

> [a]n information may be amended at any time before, during, or after trial to cure any defect, imperfection, or omission in form or substance, including a variance between the information and the proofs, as long as the accused is not prejudiced by the amendment and the amendment does not charge a new crime. [*People v Higuera*, 244 Mich App 429, 444; 625 NW2d 444 (2001), citing MCL 767.76.]

Similarly, MCR 6.112(H) provides that "[t]he court before, during, or after trial may permit the prosecutor to amend the information unless the proposed amendment would unfairly surprise or prejudice the defendant."

This Court has harmonized MCL 769.13 and MCL 767.76 to determine that the prosecution may not amend an information after the 21-day period provided in MCL 769.13(1) to include additional prior convictions and, therefore, increase potential sentence consequences. See *People v Ellis*, 224 Mich App 752, 756-757; 569 NW2d 917 (1997); *People v Hornsby*, 251 Mich App 462, 472-473; 650 NW2d 700 (2002). In *Ellis*, the prosecutor promptly filed a supplemental information charging the defendant as a second-offense habitual offender. *Ellis*, 224 Mich App at 755. About six weeks later, however, the prosecutor amended the information to charge the defendant as a fourth-offense habitual offender by alleging two additional prior convictions. *Id.* This Court held that the trial court erred by allowing the amended information. *Id.* at 755, 757. We explained

that a "supplemental information may be amended outside the [21-day] statutory period only to the extent that the proposed amendment does not . . . relate to additional prior convictions not included in the timely filed supplemental information." *Id.* at 757. We emphasized that "[t]o hold otherwise would be to permit prosecutors to avoid making the necessary 'prompt' decision regarding the level of supplementation, if any, they wish to pursue and would materially alter the 'potential consequences' to the accused of conviction or plea." *Id.*, quoting *Shelton*, 412 Mich at 569.

Significantly, the *Ellis* Court distinguished its case from *People v Manning*, 163 Mich App 641; 415 NW2d 1 (1987), "where the Court upheld an amendment of a supplemental information outside the [applicable notice period]." *Ellis*, 224 Mich App at 757 n 2. The *Ellis* Court explained that "[i]n *Manning*, the amended supplemental information corrected an error in the specific convictions that formed the basis of the habitual offender, fourth offense charge. However, the amendment did not elevate the level of the supplemental charge." *Id.*

Several years after *Ellis*, this Court reaffirmed the rule that "the prosecutor may not amend a notice to seek enhancement to include additional prior convictions after the twenty-one-day period," and we again expressly distinguished the circumstances in *Ellis* from cases in which the effect of an amendment is only "to correct an error in the initial notice that did not otherwise affect the level of [a] defendant's potential sentence enhancement." *Hornsby*, 251 Mich App at 470-471. In *Hornsby*, the prosecution initially filed a notice that it intended to enhance the defendant's sentence under MCL 769.11 (third-offense habitual offender) and listed two prior convictions. *Id.* at 469. One month later, the prosecution amended the notice

by replacing one of the listed prior convictions with a different conviction. *Id.* at 470. The defendant challenged the amendment during his sentencing hearing, but the trial court permitted the amendment. *Id.* This Court affirmed, explaining that "a recognized difference exists between an amendment of a notice to seek sentence enhancement that attempts to impose more severe adverse consequences to a defendant and one that does not." *Id.* at 472. We further explained that "*Ellis* does not preclude the amendment of a timely sentence enhancement information to correct a technical defect where the amendment does not otherwise increase the potential sentence consequences." *Id.* We therefore held that the trial court had properly sentenced the defendant as a third-offense habitual offender because "the amended information did not increase defendant's potential sentence because the amendment did not change defendant's habitual offender level." *Id.* at 472-473.

Consistently with these decisions, we conclude that the trial court erred by sentencing defendant as a fourth-offense habitual offender. Well after the expiration of the 21-day period provided in MCL 769.13(1), the prosecution filed a second amended felony information to increase defendant's habitual-offender level. This case does not involve an error or defect in the June 15, 2011, felony information. As the prosecution explained on appeal, it intentionally decreased defendant's habitual-offender level in the June 15, 2011, felony information in an attempt to obtain a plea. Furthermore, the posttrial, presentencing amendment of the June 15, 2011, felony information sought to "impose more severe adverse consequences" on defendant by increasing his habitual-offender level and, therefore, his potential sentence. *Hornsby*, 251 Mich App at 472. Specifically, the increase in the habitual-

offender level raised defendant's potential minimum sentence by 12 months, i.e., from 34 months as a third-offense habitual offender to 46 months as a fourth-offense habitual offender. See MCL 777.66. In addition, defendant's potential maximum sentence increased from 10 years as a third-offense habitual offender to life imprisonment as a fourth-offense habitual offender. See MCL 769.11(1)(a); MCL 769.12(1)(b); MCL 257.625(11)(c)(*i*). As previously discussed, the trial court sentenced defendant to a term of 46 months' to 25 years' imprisonment. Defendant, therefore, has demonstrated the first and third plain-error requirements: an error that affected the outcome of the lower-court proceedings. See *Carines*, 460 Mich at 763; see also, generally, *Higuera*, 244 Mich App at 444 (stating that an amendment of an information is allowed as long as it does not prejudice the defendant); MCR 6.112(H) (permitting the prosecution to amend the information as long as the amendment does not prejudice the defendant).

The prosecution argues that neither error nor prejudice occurred in this case because defendant knew both that he qualified as a fourth-offense habitual offender and that the prosecution would change his habitual-offender level back to fourth-offense status if he rejected the prosecution's plea offer. We reject this argument. While the first felony information notified defendant that he qualified as a fourth-offense habitual offender, the first felony information was amended, i.e., replaced, to actually charge defendant as a third-offense habitual offender. Moreover, the prosecution's claim assumes that it could amend the June 15, 2011, felony information to increase defendant's habitual-offender level to fourth-offense status. As previously discussed, the prosecution could not do so. Although the prosecution was certainly free to make and withdraw plea

offers to defendant that addressed his habitual-offender level, it could not amend the information after the 21-day period to increase defendant's habitual-offender level.

Despite defendant's demonstration of an error affecting the outcome of the lower-court proceedings, we conclude that defendant is not entitled to relief for two reasons. First, the error in this case was not plain. See *Carines*, 460 Mich at 763-764. Given the existing legal precedent and the facts of this case, it was not clear or obvious that the prosecution was prohibited from amending the June 15, 2011, felony information to increase defendant's habitual-offender level. No binding precedent existed that clearly established that, after the expiration of the 21-day period provided in MCL 769.13(1), an amended felony information that decreased the habitual-offender level charged in an original felony information could not be amended to increase a defendant's habitual-offender level back to the level charged in the original felony information. See, generally, *id.* at 770 (evaluating whether the rule of law serving as the basis for an error was clearly established by Michigan caselaw in order to determine whether the error was plain).

Second, even if the error was plain, we would decline to exercise our discretion in this case to order resentencing. See *id.* at 763-764. Defendant is not arguing that he is innocent. Moreover, sentencing defendant as a fourth-offense habitual offender did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. See *id.*; see also *Vaughn*, 491 Mich at 666-667. The factual basis supporting defendant's status as a fourth-offense habitual offender was beyond dispute. Indeed, defendant has an extensive criminal history illustrating that he is an habitual drunk driver.

The original felony information notified defendant that he qualified as a fourth-offense habitual offender. It also informed him that the prosecution would initially pursue the fourth-offense enhancement. Significantly, the record illustrates that defendant knew that the prosecution would pursue a fourth-offense enhancement after he rejected the prosecution's plea offer. The prosecution alleged in two motions filed on August 18, 2011, that defendant was charged at that time as a fourth-offense habitual offender. Although this was not true in light of the June 15, 2011, felony information, defendant not only failed to challenge the prosecution's allegation in the lower court but admitted this allegation in his answer to the prosecution's motion to suppress nonexpert testimony. Defendant cannot make this admission in the trial court and now argue on appeal that the prosecution abandoned its intent to charge him as a fourth-offense habitual offender. See *Flint City Council v Michigan*, 253 Mich App 378, 395; 655 NW2d 604 (2002) ("[A] party may not seek redress on appeal on the basis of a position contrary to that it took in the proceedings under review."); *Czymbor's Timber, Inc v Saginaw*, 269 Mich App 551, 556; 711 NW2d 442 (2006) ("A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court.") (quotation marks and citations omitted). In addition, all references to defendant made by the prosecutor after the jury announced its verdict, in the presentence investigation report, and by the trial court at sentencing were to defendant as a fourth-offense habitual offender, yet defendant remained silent regarding this habitual-offender designation. Given defendant's qualification as a fourth-offense habitual offender and his knowledge that the prosecution was pursuing the fourth-offense enhancement, we

cannot conclude that defendant's sentence as a fourth-offense habitual offender seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

Accordingly, we hold that defendant has failed to establish that he is entitled to relief under a plain-error framework.

Affirmed.

WHITBECK, P.J., and FITZGERALD and BECKERING, JJ., concurred.