# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 7, 2017

Plaintiff-Appellee,

v

No. 331306
Crawford Circuit Court

HENRY LEE FLAKES,

LC No. 15-003898-FC

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

PER CURIAM.

Defendant appeals as of right his conviction following a jury trial of four counts of aiding and abetting identity theft, MCL 445.65(1)(a)(*ii*) and MCL 767.39. He was sentenced as a habitual offender, fourth offence, MCL 769.12, to a prison term of 48 months to 20 years for each offense, to be served concurrently. Defendant's convictions arose out of his participation with Douglas Adair and Amir Jarden in a scheme to withdraw money from a bank account. Jarden was also convicted by a jury in a separate trial and appeals separately in Docket No. 329148; Adair was convicted following a guilty plea that entailed his testimony at both trials, and he has not appealed. Defendant does not challenge his convictions on appeal, but rather only his sentence. We vacate his sentence and remand for resentencing.

As an initial matter, the prosecutor concedes that defendant is entitled to resentencing because notice of his sentence enhancement was not timely filed under MCL 769.13(1). The 21-day limit is "a bright-line test for determining whether a prosecutor has filed a supplemental information 'promptly,'" *People v Ellis*, 224 Mich App 752, 754-755; 569 NW2d 917 (1997), and if it is not timely filed, no enhancement is permitted. See *People v Bollinger*, 224 Mich App 491; 569 NW2d 646 (1997). Because the habitual offender notice was not filed within the 21-day period, defendant is therefore entitled to resentencing without the enhancement.

We recognize that defendant has properly preserved and presented a challenge to the trial court's scoring of Offense Variable 10. Because we are remanding for resentencing, we decline to consider this argument, and no opinion thereon should be implied or construed. We deem defendant's contention that he received ineffective assistance of counsel to be moot in light of our remand and the complete lack of any evidence that any plea discussion ever occurred.

-1-

Defendant's sentence is vacated and the matter remanded for resentencing.  We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter