# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TONEY M. WILLIAMS,

Defendant-Appellant.

UNPUBLISHED
December 18, 2018

No. 339229
Macomb Circuit Court
LC No. 2016-001926-FC

Before: M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

Defendant, Toney Williams, appeals as of right his jury trial conviction for assault with intent to do great bodily harm less than murder, MCL 750.84, and his mandatory minimum sentence of 25 years' imprisonment as a fourth-offense habitual offender, MCL 769.12(1)(a). For the reasons stated in this opinion, we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Williams first argues that the prosecution failed to prove beyond a reasonable doubt that he was not acting in self-defense. "A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). "All conflicts in the evidence must be resolved in favor of the prosecution, and circumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016) (citation omitted). "This Court will not interfere with the trier of fact's determinations regarding the weight of the evidence or the credibility of witnesses." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

### B. ANALYSIS

Self-defense is an affirmative defense. *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010). "A defendant asserting an affirmative defense must produce some evidence on all elements of the defense before the trial court is required to instruct the jury regarding the affirmative defense." *People v Guajardo*, 300 Mich App 26, 35-36; 832 NW2d 409 (2013)

-1-

(quotation marks and citation omitted). "Once a defendant raises the issue of self-defense and satisfies the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist, the prosecution must exclude the possibility of self-defense beyond a reasonable doubt." *Stevens*, 306 Mich App at 630 (quotation marks and citation omitted).

The elements of self-defense are codified in the Self-Defense Act, MCL 780.971 *et seq*. See *Dupree*, 486 Mich at 708. The act provides, in pertinent part:

> (1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if either of the following appears:

> (a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual. [MCL 780.972(1).]

Ample evidence existed in this case to discount Williams's claim of self-defense. The victim testified that Williams came up behind him unprovoked and hit him with a pellet gun before grabbing him and saying "you're going to die tonight." The victim testified that, at the time, he had his back to Williams and was filling up a glass of water. A scuffle ensued that, according to the victim, resulted in the victim being beaten over the head with a pan, stabbed, and bitten. He testified that throughout the ordeal, Williams continued to say "you're going to die tonight." Although Williams testified to a different sequence of events, it is not the role of this Court to interfere with a jury's "determinations regarding the weight of the evidence or the credibility of witnesses." *Stevens*, 306 Mich App at 628. Thus, in light of the victim's testimony, a reasonable jury could find beyond a reasonable doubt that Williams attacked the victim and did not honestly and reasonably believe the use of force was necessary for self-defense. Accordingly, Williams's sufficiency of the evidence argument is without merit.

## II. SENTENCING

### A. STANDARD OF REVIEW

Williams next raises a number of sentencing issues. Generally, "[t]o preserve a sentencing issue for appeal, a defendant must raise the issue 'at sentencing, in a proper motion for resentencing, or in a proper motion for remand filed in the court of appeals.'" *People v Clark*, 315 Mich App 219, 223-224; 888 NW2d 309 (2016) (citation omitted). Here, although Williams generally objected to the prosecution's last-minute motion to amend the notice of intent at sentencing, he failed to raise any of the arguments now raised on appeal before the trial court or in the motion to remand filed with this Court. Accordingly, the sentencing issues raised on appeal are unpreserved, and we review the challenge for plain error affecting Williams's substantial rights. See *People v Pipes*, 475 Mich 267, 270; 715 NW2d 290 (2006).

## B. ANALYSIS

It is undisputed that Williams's criminal history is sufficient to trigger a 25-year mandatory minimum enhanced sentence under MCL 769.12(1)(a). However, Williams contends that the trial court erred by imposing such a sentence because the prosecution provided him with a timely, but procedurally inaccurate notice of intent to seek enhanced sentencing. We disagree.

MCL 769.12 provides:

> (1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

> (a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, the court shall sentence the person to imprisonment for not less than 25 years. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only. [MCL 769.12(1)(a).]

In order to seek the enhanced sentence under MCL 769.12(1)(a), the prosecution must file "a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense." MCL 769.13(1).

In showing that Williams had committed three or more felonies as required by MCL 769.12(1), the prosecution referenced a February 1, 1991 armed robbery conviction, a February 1, 1991 felony-firearm conviction, and an October 1, 1985 armed robbery conviction. The use of the felony-firearm conviction created some confusion at sentencing as it was unclear to the trial court whether the felony-firearm conviction arose out of the same transaction as the February 1, 1991 armed robbery conviction. See MCL 769.12(1)(a) (in determining whether the mandatory minimum sentence applies, not more than one conviction arising out of the same transaction may be considered).

Yet, as is clear from Williams's presentence investigative report (PSIR), Williams had been convicted of more than three felonies such that MCL 769.12 was applicable. On February 1, 1991, Williams was convicted of two counts of armed robbery and two corresponding counts of felony-firearm for separate crimes that occurred between September 5, 1990, and September 6, 1990. Nevertheless, because the prosecution failed to specify that the felony-firearm conviction cited in the notice of intent was unrelated to the armed robbery conviction cited in the notice, the trial court found that the notice was defective. In essence, the trial court's holding suggested that the notice would only have been proper if the prosecution either 1) listed other convictions, or 2) listed the lower court file numbers so that it might be clear that the armed robbery and felony-firearm convictions arose out of separate transactions. No law was cited by

the court or either of the parties to suggest that such a level of specificity was required, and as such, we conclude that the trial court's finding was erroneous. The notice of intent clearly indicates three felony convictions, and when juxtaposed with Williams's criminal history, it is clear that he was convicted of two counts of felony-firearm on February 1, 1991, and that one of those convictions arose out of a separate transaction from the armed robbery conviction also cited in the notice of intent.

Moreover, even if the notice was faulty, the trial court granted the prosecution's motion to amend it. Williams contends that the late amendment should not have been permitted because it was prejudicial to him. In support, he relies on three cases: *People v Manning*, 163 Mich App 641; 415 NW2d 1 (1987),[1] overruled in part on other grounds by *People v Bailey*, 483 Mich 905 (2009), *People v Ellis*, 224 Mich App 752; 569 NW2d 917 (1997), and *People v Hornsby*, 251 Mich App 462, 471; 650 NW2d 700 (2002). The cases, however, do not support his position. Instead, they provide that late amendments to a notice of intent or a felony information do not frustrate the purpose of the notice requirement contained in MCL 769.13 so long as they do not seek to impose "more severe adverse consequences." *Hornsby*, 251 Mich App at 472. See also *Manning*, 163 Mich App at 644-645 (despite a late amendment, the defendant was provided notice beforehand that the prosecution sought to sentence him as a fourth-offense habitual offender, and thus the purpose of the notice rule had been effectuated); and *Ellis*, 224 Mich App at 757 (finding that a late amendment was impermissible because it materially altered the potential consequences the defendant faced upon conviction). Here, Williams has failed to show that the trial court's allowance of the amendment violated the notice requirement contained in MCL 769.13(1) insofar as there is nothing to show that the late amendment amounted to the imposition of more severe adverse consequences. The court did not err by allowing the amendment.

Williams next asserts that the trial court erred by allowing the prosecution to make an oral motion to amend because MCL 769.13(1) only speaks to "filing a written notice." Williams relies on *People v Holibaugh*, 38 Mich App 198; 195 NW2d 881 (1972), which is not binding on this Court and does not support his argument. In *Holibaugh*, the defendant was charged with armed robbery, and later the information was orally amended "to include larceny over \$100." *Holibaugh*, 38 Mich App at 199. The defendant contended that "the failure to reduce [the amendment] to writing inadequately informed him of the charge against him," but this Court declined to address the question because the defendant did not object to the amendment at his arraignment. *Id*. The Court also concluded that "[a]n examination of the record disclose[d] no prejudicial error." *Id*. Similarly, in this case, Williams did not object to the fact that the amendment was oral rather than written, and he cannot show that the amendment was prejudicial. The purpose of the amendment was to clarify that the three felony convictions cited in the notice of intent arose out of three, separate transactions, but nothing about the amendment changed the potential consequences of Williams's convictions. In other words, Williams had

---

[1] *Manning* is not binding on this Court as it was issued before November 1, 1990. See MCR 7.215(J)(1).

notice of the prosecution's intent to seek the 25-year mandatory minimum based upon his fourth-offense habitual offender as early as May 26, 2016.

Williams argues in the alternative that, because MCL 769.12(1)(a) imposes a mandatory minimum sentence, the notice rules should be more strictly interpreted and no amendment should ever be permitted outside the 21-day notice window. Williams provides no law to support this argument, and we conclude that it has been abandoned on appeal. See *People v Bowling*, 299 Mich App 552, 559-560; 830 NW2d 800 (2013) (stating that failure to properly argue the merits of an issue results in the issue being abandoned on appeal).

Williams next contends that the notice of intent to seek the enhanced sentence was not accompanied with a proof of service, which is required by statute to be filed with the notice. There is no evidence in the lower court record that a proof of service was ever filed by the prosecution in relation to the notice of intent, however, at Williams's arraignment on May 31, 2016, his lawyer acknowledged that she had been handed a copy of the notice of intent to seek an enhanced sentence. Furthermore, this Court recently held that failure to file a proof of service of a notice of intent to enhance a defendant's sentence constitutes harmless error where a defendant has actual notice and is "not prejudiced in his ability to respond to the habitual offender notification." *People v Head*, 323 Mich App 526, 543-544; 917 NW2d 752 (2018). Thus, Williams's claim is without merit as he received actual notice and was not prejudiced by the prosecution's failure to file a proof of service.

Williams next raises two constitutional arguments. First, he contends that the 25-year mandatory minimum sentence violated the Eighth Amendment prohibition on cruel and unusual punishments. Second, he argues that the sentencing statute violates the separation of powers doctrine. We disagree.

"We review issues of constitutional law de novo." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). "Statutes are presumed to be constitutional and must be so construed unless their unconstitutionality is readily apparent." *People v Russell*, 266 Mich App 307, 310; 703 NW2d 107 (2005) (quotation marks and citation omitted). The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." US Const, Am VIII. The Michigan Constitution prohibits the infliction of "cruel or unusual punishment." Const 1963, art 1, § 16. "If a punishment 'passes muster under the state constitution, then it necessarily passes muster under the federal constitution.' " *Benton*, 294 Mich App at 204 (citation omitted). "[W]hether a penalty may be considered cruel or unusual is to be determined by a three-pronged test that considers (1) the severity of the sentence imposed and the gravity of the offense, (2) a comparison of the penalty to penalties for other crimes under Michigan law, and (3) a comparison between Michigan's penalty and penalties imposed for the same offense in other states." *Id*. at 204. Here, although Williams recites the applicable law in his brief on appeal, he makes no attempt to analyze the severity of the sentence imposed, compare the sentence with penalties for other crimes under Michigan law, or compare the sentence with penalties for the same offense in other states. "As we have repeatedly stated, an appellant may not simply 'announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.' " *Bowling*, 299

Mich App at 559-560, quoting *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). Consequently, Williams has abandoned the issue on appeal, and we decline to address it.

We also conclude that Williams's separation-of-powers argument is without merit. The separation of powers doctrine contained in the Michigan Constitution, which provides:

> The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution. [Const 1963, art 3, § 2.]

Williams contends that MCL 769.12(1)(a) violates the doctrine because it aggregates all sentencing power in the Legislature and denies judges any discretion in sentencing. However, "the ultimate authority to provide penalties for criminal offenses is constitutionally vested in the Legislature," and "the Legislature may impose restrictions on a judge's exercise of discretion in imposing [a] sentence." *People v Hegwood*, 465 Mich 432, 436, 440; 636 NW2d 127 (2001), citing Const 1963, art 4, § 45. The Legislature has the authority "to delegate various amounts of sentencing discretion to the judiciary." *People v Garza*, 469 Mich 431, 434; 670 NW2d 662 (2003). "[T]here are offenses with regard to which the judiciary has no sentencing discretion, offenses about which discretion is sharply limited, and offenses regarding which discretion may be exercised under the terms set forth in the sentencing guidelines legislation." *Id*. at 434. The mandatory minimum penalty prescribed by MCL 769.12(1)(a) is an example of an offense for which the judiciary has no discretion based upon the Legislature's exercise of its constitutional authority to ascertain and fix the penalty for a criminal offense. Based upon the Legislature's authority to limit a trial court's discretion with regard to particular sentences, the 25-year mandatory minimum prescribed by MCL 769.12(1)(a) does not violate the separation of powers doctrine.

Affirmed.

/s/ Michael J. Kelly
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien