*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 15, 2020

Plaintiff-Appellee,

v

No. 349032
Ottawa Circuit Court

JEFFREY LYNN CHAMBERS,

LC No. 18-042470-FH

Defendant-Appellant.

Before: MURRAY, C.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant pleaded *nolo contendere* to resisting or obstructing a police officer, MCL 750.81d(1), and second-offense operating while intoxicated (OWI), MCL 257.625(6). He was sentenced to concurrent terms of 32 days in jail and 18 months' probation for each conviction, with credit for 32 days served. Defendant appeals by delayed leave granted[1] and we remand to the trial court for further proceedings consistent with this opinion.

A felony information dated October 1, 2018 charged defendant with resisting or obstructing a police officer and second-offense OWI for erratically operating a motor vehicle into opposing traffic on a highway, then being hostile with police officers while they were assisting in his blood draw under a search warrant. Defendant's blood alcohol level was 0.217 grams of alcohol per 100 milliliters of blood. Defendant pleaded not guilty to the charges at his arraignment on October 1, 2018.

On October 25, 2018, the prosecution filed an amended information which included a fourth-offense habitual-offender notice. In November 2018, pursuant to a plea agreement, defendant pleaded *nolo contendere* to resisting or obstructing a police officer and OWI, second offense, and in exchange the prosecution dismissed the habitual-offender notice. Defendant was sentenced on January 21, 2019. Shortly thereafter, defendant requested that appellate counsel be

---

[1] *People v Chambers*, unpublished order of the Court of Appeals, entered October 14, 2019 (Docket No. 349032).

appointed. Defendant's appointed counsel, however, filed a motion in this Court to withdraw based on his purported inability to identify any appellate issues with legal merit. This Court denied that motion, and ordered appellate counsel to file a brief in support of defendant's delayed application for leave to appeal addressing the following two issues: whether the plea agreement was illusory and whether defense counsel was ineffective for failing to object to the scoring of offense variable (OV) 18.[2] Thereafter, we granted defendant delayed leave to appeal as indicated above.

Defendant first argues that the prosecution's agreement not to sentence defendant as a fourth-offense habitual offender was meaningless, and thus, the plea bargain was illusory because the prosecution did not timely file the amended information. However, defendant did not move to withdraw his guilty plea in the trial court and a motion to withdraw a plea "is a prerequisite to substantive review on direct appeal under MCR 6.310 . . . ." *People v Broyles*, 498 Mich 927, 928; 871 NW2d 209 (2015); see also *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017). In other words, because defendant failed to file a motion to withdraw his plea in the trial court, appellate review of the issue is precluded. See *People v Armisted*, 295 Mich App 32, 48; 811 NW2d 47 (2011). More specifically, MCR 6.310(D) states:

> A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter, or any other claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal.

Because defendant's challenge to the plea bargain implicates whether the plea he tendered was understandably, voluntarily, or accurately made, it falls within the ambit of MCR 6.310(D).

However, we may consider this matter in the context of an ineffective assistance of counsel claim. "[A] claim of ineffective assistance of counsel can serve as a basis for relief relative to a plea despite a failure to comply with MCR 6.310." *People v Baham*, 321 Mich App 228, 235; 909 NW2d 836 (2017), citing *Broyles*, 498 Mich at 927. In this case, we consider whether defendant's defense counsel provided ineffective assistance by failing to challenge the plea bargain as illusory either before the plea was entered or later, in a motion filed in the trial court to withdraw the plea. See *Baham*, 321 Mich App at 236.

To establish that defense counsel was ineffective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for defense counsel's deficient performance, the result of the proceedings would have been different. *People v Anderson*, 322 Mich App 622, 628; 912 NW2d 607 (2018). Because a *Ginther*[3] hearing was not held, "this Court's review is limited

---

[2] *People v Chambers*, unpublished order of the Court of Appeals, entered July 26, 2019 (Docket No. 349032).

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-2-

to mistakes apparent from the record." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

A defendant pleading *nolo contendere* must enter an understanding, voluntary, and accurate plea. MCR 6.302(A). To withdraw a plea after sentencing a defendant must demonstrate a defect in the plea-taking process. *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012). A defendant may be entitled to withdraw his plea on the ground that he did not tender the plea voluntarily and understandingly because the bargain on which the plea was based was illusory, i.e., the defendant received no benefit from the bargain or defendant believed the bargain to have a value which it did not. *Pointer-Bey*, 321 Mich App at 621; *People v Williams*, 153 Mich App 346, 350; 395 NW2d 316 (1986).

Pursuant to MCL 769.13(1), the prosecution may seek to enhance the sentence of a defendant by filing a written notice of intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense. MCL 769.13(1) reflects a bright-line test for determining whether a prosecutor has timely filed a supplemental information within the period set forth in the statute. *People v Bollinger*, 224 Mich App 491, 492; 569 NW2d 646 (1997). In *Bollinger*, the prosecution's supplemental information was untimely filed, and thus, this Court held that "insofar as [the defendant's] guilty plea was induced by the prosecutor's promise to forgo prosecution of defendant as an habitual offender, the plea bargain was illusory." *Id*. at 493. See also *People v Johnson*, 86 Mich App 77, 79; 272 NW2d 200 (1978) (If a plea is induced by a promise to forgo habitual offender proceedings when no such proceedings would be warranted, the defendant is per se misinformed as to the benefit of the plea and the bargain is considered illusory.).

In this case, the prosecution filed the original felony information on October 1, 2018, and defendant was arraigned that same day. There is no dispute that the amended information which included the fourth-offense habitual notice was untimely filed on October 25, 2018, more than 21 days after defendant's arraignment. See MCL 769.13(1); see also *Bollinger*, 224 Mich App at 492. The purported sole benefit of defendant's plea agreement was the prosecution's promise to dismiss the habitual-offender notice if defendant pleaded *nolo contendere*; however, that benefit was illusory because the prosecution was disallowed by law to seek sentence enhancement. Defendant was misinformed and did not receive the value he thought he was receiving. In fact, defendant received no benefit from the bargain. See *Pointer-Bey*, 321 Mich App at 621. In light of these facts, defendant's plea of *nolo contendere* cannot be considered voluntarily and understandingly tendered. See *People v Graves*, 207 Mich App 217, 220; 523 NW2d 876 (1994); *People v Peete*, 102 Mich App 34, 37; 301 NW2d 53 (1980). Accordingly, we conclude that defendant did not receive the effective assistance of counsel in the plea-bargaining process. See *People v Pennington*, 323 Mich App 452, 461; 917 NW2d 720 (2018) (citation omitted). Defendant's counsel provided ineffective assistance by failing to challenge the plea bargain as illusory either before the plea was entered or later, by filing a motion to withdraw the plea in the trial court. See *Baham*, 321 Mich App at 236. And there is a reasonable probability that defense counsel's deficient performance prejudiced defendant. See *Anderson*, 322 Mich App at 628. At minimum, the motion to withdraw the plea would have been successful in the trial court.

The prosecution argues that defendant's right to prompt and fair notice of the possibility of being sentenced as a habitual-offender was satisfied because the prosecution offered to dismiss

the habitual-offender enhancement at defendant's probable cause conference; therefore, having already known of the potential for the enhancement, defendant was not prejudiced by the prosecution's failure to timely file the amended information. The prosecution cites *People v Head*, 323 Mich App 526; 917 NW2d 752 (2018), in support of the claim that the failure to timely file the amended information was a harmless error. However, *Head*, 323 Mich App at 543-544, addressed the harmless error analysis regarding the prosecution's failure to file a proof of service of a timely filed amended information including a habitual-offender notice. Unlike in *Head*, the prosecution in this case failed to timely file the amended information itself rather than simply failing to file the proof of service. The prosecution's argument that defendant was apprised of the prosecution's intent to file an amended information including the habitual-offender notice before his arraignment does not excuse the prosecution from actually timely filing the amended information. As stated earlier, MCL 769.13(1) reflects a bright-line test for determining whether the prosecution has timely filed a supplemental information within the period set forth in the statute. *Bollinger*, 224 Mich App at 492.

Accordingly, we remand this case to the trial court for further proceedings. Pursuant to MCR 6.310(C)(4), on remand, defendant must be given the opportunity to allow his plea and sentences to stand or to withdraw his plea; in the latter instance, the trial court must vacate his convictions and sentences, and the matter may proceed to trial. See *Brown*, 492 Mich at 702; see also MCR 6.312.

Defendant also argues that defense counsel was ineffective for failing to object to the scoring of OV 18, and thus, he is entitled to resentencing. We agree.

The right to the effective assistance of counsel includes sentencing and objection to errors in the calculation of the sentencing guidelines. *Glover v United States*, 531 US 198, 199; 121 S Ct 696; 148 L Ed 2d 604 (2001). A scoring error that affects the guidelines range requires resentencing. *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

MCL 777.48 governs OV 18 and provides, in pertinent part, that 20 points must be scored if the offense involved the operation of a vehicle when the operator's ability was affected by alcohol, or more specifically, that his or her bodily alcohol content was 0.20 grams or more per 100 milliliters of blood. The sentencing offense, resisting or obstructing a police officer, is a crime against a person. MCL 750.81d(1); MCL 777.16d. For crimes against a person, OV 18 may be scored only "if the offense or attempted offense involves the operation of a vehicle . . . ." MCL 777.22(1). "[A] defendant's conduct after an offense is completed does not relate back to the sentencing offense for purposes of scoring offense variables unless a variable specifically instructs otherwise." *People v McGraw*, 484 Mich 120, 122; 771 NW2d 655 (2009).

In this case, according to the record, defendant's resisting and obstructing conviction was based on his behavior after his OWI conduct. Specifically, defendant's behavior included pulling his hands and arms away while yelling, screaming, and kicking his legs when the police officers attempted to take his blood for testing after he was transported to a separate facility. Therefore, the offense of resisting or obstructing a police officer did not involve the operation of a vehicle. See MCL 777.22(1). Furthermore, defendant's conduct of driving while intoxicated could not relate back for purposes of scoring OV 18 for his resisting and obstructing conviction because the

OV does not provide otherwise. See *McGraw*, 484 Mich at 122. The prosecution concedes on appeal that OV 18 was improperly scored.

It appears from the record that an objection to the scoring of OV 18 would have been successful and defense counsel's failure to oppose the score was so deficient that it fell below the objective standard of reasonableness. See *Anderson*, 322 Mich App at 628. Furthermore, because an objection to the scoring of OV 18 would have more likely than not resulted in zero points being assigned to OV 18—thereby reducing defendant's OV score from 30 to 10 points and resulting in a reduction in the minimum sentencing guidelines range from 0 to 11 months to 0 to 9 months, MCL 777.68—there is a reasonable probability that defense counsel's deficient performance prejudiced defendant. See *id*. Accordingly, defense counsel was ineffective for failing to object to the scoring of OV 18. See *id*.; see also *Francisco*, 474 Mich at 92.

As stated earlier, on remand to the trial court defendant will be allowed the opportunity to have his plea and sentences stand or to withdraw his plea; in the latter instance, the trial court must vacate his convictions and sentences, and the matter may proceed to trial, rendering our conclusion regarding his OV scoring moot. However, if defendant elects to have his plea and sentences stand, because OV 18 was erroneously scored, the trial court must resentence defendant using the proper OV calculation.

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron