*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LILBERT HARRIS GREGORY,

       Defendant-Appellant.

UNPUBLISHED
August 5, 2021

No. 351777
Macomb Circuit Court
LC No. 2018-004418-FC

Before: TUKEL, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right after his jury trial convictions of armed robbery, MCL 750.529, and carrying a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to serve 132 to 300 months' imprisonment for the armed robbery conviction and two years' consecutive imprisonment for the felony-firearm conviction. Defendant challenges his convictions and sentences on multiple grounds, which we discuss in greater detail later. All of defendant's arguments are unavailing, and we therefore we affirm defendant's convictions and sentences.

## I. UNDERLYING FACTS

Defendant and the victim met in February or March 2018, when defendant came to the victim's door and asked if the victim wanted his sidewalk or driveway shoveled. The victim paid defendant to shovel snow that winter, but they did not have any other interactions until defendant asked the victim to give him change for a $100 bill. The victim did not realize that the $100 bill was fake until after he already had given defendant change.

The victim did not speak to defendant again until November 2018 when the event at issue in this case occurred. On that day, defendant rang the victim's doorbell; the victim opened the door, but did not invite defendant inside. Defendant apologized for the fake $100 bill before entering the victim's house. The victim took his cell phone out and attempted to dial 911 because defendant came into the home uninvited. Defendant responded by taking the victim's cell phone and pushing him down onto his back. The victim then noticed defendant holding a black pistol. While the victim remained on the floor defendant demanded to know where the victim's wallet

was. The victim told him and defendant took $300 or $400 from the victim's wallet, wiped the wallet with his shirt sleeve, and took one of the handsets to the victim's landline telephone. As defendant left the victim's home, he told the victim not to call the police and threatened that he would return if the victim did call; defendant took the victim's money, cell phone, and handset to the landline with him when he left.

The victim used a different handset to his landline telephone to call his sister-in-law after defendant left with a handset to his landline that defendant had not taken with him. Later, several police officers arrived at the victim's home. Defendant eventually turned himself in after receiving a call from his attorney that the police were looking for him.

## II. APPELLATE COUNSEL'S ISSUES

Defendant argues that that the trial court incorrectly scored Offense Variables (OV) 3 and 19 and that his trial counsel was ineffective for failing to object to those OV scores. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

"A claim that the sentencing guidelines range was improperly calculated is preserved by raising the issue at sentencing, in a motion for resentencing, or in a motion to remand." *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (citation and quotation marks omitted); see also MCL 769.34(10). Defendant failed to challenge the scoring of OV 3 and 19 in any way, and thus those issues are unpreserved.

To properly preserve a claim of ineffective assistance of counsel, a defendant must move for either a new trial or a *Ginther*[1] hearing in the trial court; failure to make any such motion "ordinarily precludes review of the issue unless the appellate record contains sufficient detail to support the defendant's claim." *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Defendant failed to seek a *Ginther* hearing or a new trial. Thus, the issue is also unpreserved.

In general, unpreserved issues are reviewed for plain error. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015).

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

independent of the defendant's innocence. [*People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (quotation marks, citations, and brackets omitted).]

"A 'clear or obvious' error under the second prong is one that is not 'subject to reasonable dispute.' " *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018).

The plain error standard, however, does not apply to unpreserved ineffective assistance of counsel claims. Regardless of whether a claim of ineffective assistance is properly preserved, if the trial court did not hold a *Ginther* hearing, "our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). "A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

## B. OFFENSE VARIABLE 3

OV 3 relates to "physical injury to a victim." MCL 777.33(1). The trial court must assess 5 points for OV 3 when "[b]odily injury not requiring medical treatment occurred to a victim." MCL 777.33(1)(e). For this purpose, " 'bodily injury' encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011).

Defendant argues that the trial court erred because there was no evidence that the victim suffered any bodily injury. Yet, according to the victim's trial testimony, defendant entered the victim's home, "grabbed" the victim's cell phone while the victim tried to call 911, and then pushed the victim in "the chest area," causing the victim to fall on his back. The victim was "bruised up" and "maybe hurting a little" because of the fall. In his victim impact statement, the victim explained that he "suffered minor bruises and had soreness for a week following the incident." Being pushed to the ground and suffering from bruises and soreness clearly qualify as something that a victim would perceive as an unwanted physically damaging consequence. See *id*. Thus, the trial court properly scored OV 3 at 5 points.

Because the trial court did not err by assessing 5 points for OV 3, defense counsel was not ineffective for failing to object. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## C. OFFENSE VARIABLE 19

OV 19 relates, in relevant part, to "interference with the administration of justice." MCL 777.49. The trial court must assess 15 points for OV 19 when the "offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 77.49(b). For this purpose, "[i]nterfering or attempting to interfere with the administration of justice includes acts that constitute obstruction of justice, but is not limited to such acts." *People v McKewen*, 326 Mich App 342, 358; 926 NW2d 888 (2018),

(quotation marks and citations omitted). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *Sours*, 315 Mich App at 349. "The aggravating factors considered in OV 19 contemplate events that almost always occur *after* the charged offense has been completed." *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010).

For purposes of OV 19, this Court has defined force as " 'strength or energy exerted or brought to bear: cause of motion or change.' " *People v Smith*, 318 Mich App 281, 287; 897 NW2d 743 (2016), quoting *Merriam-Webster's Collegiate Dictionary* (11th ed). This Court elaborated as follows:

> if an offender threw a victim's cell phone into a lake, such action necessarily would involve the use of force against the property of another. Likewise, if the offender threatened to throw a victim's cell phone into the lake, then the action would involve the threatened use of force against the property of another. In either case, if the reason for the offender's action was to prevent or discourage the victim from reporting a crime, then the offender's actions would constitute interference with the administration of justice that would justify a score of 15 points under OV 19. [*Smith*, 318 Mich App at 287.]

Further, "an offender's threat to kill his or her victim to prevent the victim from reporting a crime would warrant a score of 15 points for OV 19." *Id*. at 286.

Again, according to the victim's testimony, defendant grabbed the victim's cell phone as he attempted to call 911 and did not return it. After the victim fell, defendant pointed a pistol at him and demanded to know where the victim's wallet was. Defendant also took one of the handsets for the victim's landline from the home. Before defendant left the home, he said "don't call the police or I'll be back," which the victim apparently took to heart, in that he did not call the police, but instead called his sister-in-law, who in turn called the police. Additionally, the victim reiterated, in his victim impact statement, that "he was in fear as the defendant had a gun."

Defendant asserts that the trial court improperly scored OV 19 at 15 points because the evidence showed that defendant only "grabbed" the victim's phone, arguing that "grab" describes speedy rather than forceful motion, and emphasizing that the victim ultimately elected to not call emergency services after the incident even though he had access to a telephone. But defendant's focus on the meaning of the word "grab" overlooks that the event the victim described was nevertheless an exertion of strength or forceful energy by which he took the victim's cell phone while the victim attempted to call 911.[2]

---

[2] This Court routinely uses dictionaries to determine the common meaning of statutorily undefined terms. See MCL 8.3(a); *People v Hutcheson*, 308 Mich App 10, 14-15; 865 NW2d 44 (2014) (using a dictionary to define the word "weapon"). To that end, "grab" is defined as to "seize violently or suddenly; snatch" and to "obtain by violent or illegal means." *The New American Webster Handy College Dictionary* (4th ed). Consequently, defendant's contention that the word "grab" cannot denote the use of force is incorrect.

-4-

Defendant's other actions also support the trial court's assessment of points for OV 19. Defendant used force against the victim's property when he left the victim's home with the victim's cell phone and one of the victim's landline handsets. Before doing so, defendant told the victim, while holding a pistol, to not call the police or he would return. The victim explained in his victim impact statement that "he was in fear as the defendant had a gun." Thus, the record clearly establishes that defendant used actual and threatened force to prevent the victim from calling emergency services to report defendant's actions. Furthermore, defendant's observation that the victim elected to not call emergency services after defendant left merely confirms the effectiveness of defendant's threat. Thus, the trial court did not err when it assessed OV 19 at 15 points.

Again, trial counsel is not obliged to raise a meritless objection. *Ericksen*, 288 Mich App at 201. Thus, defendant cannot show that defense counsel was ineffective on this ground.

## III. STANDARD 4 BRIEF

In his Standard 4 Brief, defendant argues that his convictions are invalid because he was never arraigned, the trial court erred when it instructed the jury, the trial court should have granted defendant's motion for a directed verdict, there was insufficient evidence to support defendant's convictions, and his trial counsel was ineffective. We disagree.

### A. ARRAIGNMENT

Defendant asserts that a miscarriage of justice occurred because he was never arraigned. We disagree.

"The purpose of an arraignment is to provide formal notice of the charge against the accused." *People v Waclawski*, 286 Mich App 634, 704; 780 NW2d 321 (2009). "At an arraignment, the information is read to the accused and the accused may enter a plea to those charges," but the "accused may waive the reading of the formal charges at the arraignment." *Id*.

Defendant argues that he never was arraigned, but his factual premise is not supported by the lower court record. In January 2019, the trial court in fact held defendant's arraignment. At the start of the hearing defense counsel said "we waive reading of the information . . . ." The trial court replied, "All right. . . . The Court's going to enter a not guilty plea in your client's behalf." On the same day, the trial court entered a written order that recorded defendant's arraignment and defendant's not guilty plea; the prosecutor and defense counsel signed the order. Because the lower court record includes a transcript of defendant's arraignment and a written order showing that defendant was arraigned, defendant's contention is factually inaccurate. We decline to address this issue further.

### B. JURY INSTRUCTIONS

Defendant asserts that the trial court erred when it did not include a jury instruction for unarmed robbery, MCL 750.530, as a lesser included offense of armed robbery. We disagree because defense counsel waived any such objection below.

Waiver occurs when a defendant "affirmatively approve[s]" of an issue before the trial court, only to later argue on appeal that there was error. *People v Jackson*, 313 Mich App 409, 420; 884 NW2d 297 (2015). "Because error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence," a defendant's approval of a trial court decision waives the right to appeal. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003), disapproved in part on other grounds 469 Mich 967 (2003) (citation and quotation marks omitted). When waiver occurs, any error is extinguished "and precludes [a] defendant from raising the issue on appeal." *People v Carter*, 462 Mich 206, 209, 215; 612 NW2d 144 (2000).

During trial, defendant's trial counsel requested an instruction for the lesser included offense of larceny in a building, MCL 750.360. After argument from the parties, the trial court concluded that the jury instructions would include an instruction for larceny from a person, MCL 750.357. Subsequently, the trial court asked if defense counsel and the prosecutor agreed with the jury instructions. Defense counsel affirmatively approved of the jury instructions. Defense counsel's affirmative approval of the jury instructions waived the issue. Thus, we will not address this issue further.[3]

## C. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence to support his convictions. We disagree.

### 1. STANDARD OF REVIEW

A valid criminal conviction requires proof beyond a reasonable doubt of every element of every crime. *People v Jaffray*, 445 Mich 287, 296; 519 NW2d 108 (1994). A challenge to the sufficiency of the evidence to support a criminal conviction presents a question of law subject to review de novo. *People v Herndon*, 246 Mich App 371, 415; 633 NW2d 376 (2001). When reviewing the sufficiency of the evidence in a criminal case, a reviewing court must view the evidence of record in the light most favorable to the prosecution to determine whether a rational trier of fact could find that each element of the crime was proved beyond a reasonable doubt. *Id.* A reviewing court "must consider not whether there was any evidence to support the conviction

---

[3] We additionally note that the prosecutor asked for a lesser included offense of unarmed robbery, but defense counsel advocated for the trial court to instead use the lesser included offense of larceny in a building. The trial court ultimately decided to instruct the jury regarding the lesser included offense of larceny from a person, to which the prosecutor and defense counsel agreed. Defendant cannot now reverse his argument and argue that the trial court should have given an unarmed robbery jury instruction because doing so would allow defendant to impermissibly "harbor error at trial and then use that error as an appellate parachute." *People v Kowalski*, 489 Mich 488, 504-505; 803 NW2d 200 (2011) (quotation marks and citation omitted). See also *People v Siterlet*, 299 Mich App 180, 191; 829 NW2d 285 (2012), aff'd in part, vacated in part no other grounds 495 Mich 919 (2013) (quotation marks and citation omitted) ("A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court.").

but whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748, amended 441 Mich 1201 (1992) (citation and quotation marks omitted). Our "standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (citation omitted). "Conflicting evidence and disputed facts are to be resolved by the trier of fact. Minimal circumstantial evidence and reasonable inferences can sufficiently prove the defendant's state of mind, knowledge, or intent." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019) (citations omitted). Similarly, "[c]ircumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Finally, "[d]ue process requires the prosecution in a criminal case to introduce sufficient evidence to justify a trier of fact in its conclusion that the defendant is guilty beyond a reasonable doubt." *People v Breck*, 230 Mich App 450, 456; 584 NW2d 602 (1998). As such, a conviction based on insufficient evidence violates due process. See *id.*

2. ANALYSIS

"The elements of armed robbery are: (1) an assault and (2) a felonious taking of property from the victim's presence or person (3) while the defendant is armed with a weapon." *People v Smith*, 478 Mich 292, 319; 733 NW2d 351 (2007). "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

During trial, the victim testified that defendant entered the victim's home and pushed the victim to the ground. Defendant then asked the victim where the victim's wallet was while pointing a pistol at him; the victim complied and defendant took $300 or $400 from the victim's wallet. Further, defendant admitted during his trial testimony that he removed $260 from the victim's wallet. We conclude that this evidence was sufficient to persuade a rational trier of fact beyond a reasonable doubt that defendant's conduct satisfied the elements of armed robbery and felony-firearm.

Defendant also protests that the victim's testimony was inconsistent and impeached by defense counsel. Defendant thus asks that this Court to substitute its assessment of the victim's credibility for that of the jury. But "it is the role of the jury, not this Court, to determine the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (quotation marks and citation omitted). Additionally, as explained earlier, when reviewing a conviction for the sufficiency of the evidence, we are required to make credibility choices in support of the jury verdict. *Oros*, 502 Mich at 239. Thus, defendant's arguments regarding the victim's credibility are unavailing.

Defendant additionally asserts, in a cursory fashion, that all of the circumstantial evidence presented by the prosecution was illegally obtained. But defendant does not identify the circumstantial evidence he refers to, let alone explain how that evidence was illegally obtained. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480

(1998). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Accordingly, defendant has abandoned his arguments regarding illegally obtained circumstantial evidence.

Finally, to the extent defendant argues that the trial court erred by denying his motion for a directed verdict and that his convictions were against the great weight of the evidence, we find those arguments unavailing. While we acknowledge that those challenges to defendant's convictions require defendant to meet a different burden than for his sufficiency of the evidence argument, we find it unnecessary to address them individually here because our earlier analysis regarding sufficiency of the evidence applies equally to those issues. See, e.g., *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006) (quotation marks and citation omitted) ("In reviewing the denial of a motion for a directed verdict of acquittal, this Court reviews the evidence in a light most favorable to the prosecution in order to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt."); *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003) ("The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand."). See generally *People v Lemmon*, 456 Mich 625; 576 NW2d 129 (1998). Thus, the trial court did not err by denying defendant's motion for a directed verdict at trial; similarly, defendant's convictions were not against the great weight of the evidence.

## D. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that his trial counsel was ineffective. We disagree.

### 1. STANDARD OF REVIEW

As explained earlier in Part II(A), "our review is limited to the facts on the record." *Wilson*, 242 Mich App at 352. "A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Petri*, 279 Mich App at 410.

### 2. ANALYSIS

A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

> Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]

-8-

The "reasonable probability" standard can be satisfied by less than a preponderance of the evidence. *People v Trakhtenberg*, 493 Mich 38, 56; 826 NW2d 136 (2012).

The "reviewing court must not evaluate counsel's decisions with the benefit of hindsight," but should "ensure that counsel's actions provided the defendant with the modicum of representation" constitutionally required. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004), citing *Strickland*, 466 US at 689. "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). Defense counsel may decide, for example, "not to object to an obvious error" for "strategic reasons." *Randolph*, 502 Mich at 12. Thus, there is a "strong presumption that trial counsel's performance was strategic," and "[w]e will not substitute our judgment for that of counsel on matters of trial strategy." *Unger*, 278 Mich App at 242-243.

First, defendant argues that his trial counsel was ineffective because he failed to move for a directed verdict. But defendant's trial counsel did move for a directed verdict, and in any event, as we have noted, a motion for directed verdict was unwarranted. Accordingly, the record does not support the factual basis for this claim of error.

Defendant additionally argues that defense counsel was ineffective because he refused to call defendant's proposed witnesses. "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). A defendant need not show that his or her attorney's decision to not call witnesses deprived the defendant of a substantial defense; the decision to call witnesses is "analyzed under the same standard as all other claims of ineffective assistance of counsel." *People v Jurewicz*, 506 Mich 914 (2020).[4]

According to defendant's Standard 4 Brief, defendant wanted to call witnesses who, he asserts, would have testified that defendant never possessed a firearm and that the victim had a "secret life" which included procuring "call girls" for defendant. The trial court record does not contain any information regarding defendant's proposed witnesses, nor has defendant provided affidavits from his proposed witnesses as an offer of proof. Without any record establishing that defendant's trial counsel was informed about these witnesses, or any offer of proof regarding the testimony these witnesses would have provided, defendant has not established the factual predicate for his ineffective assistance of counsel claim. See *Hoag*, 460 Mich at 6. He similarly fails to overcome the presumption that defense counsel's decision to not call certain witnesses was sound trial strategy. See *Unger*, 278 Mich App at 242-243.

Furthermore, it is not clear how the testimony defendant outlines in his Standard 4 brief would have been beneficial to him. Defendant contends that further testimony that he never

---

[4] An order of the Michigan Supreme Court is "binding precedent if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012).

possessed a firearm would have been helpful to his defense. We agree that this testimony may have been helpful because it could have supported defendant's testimony that he was not armed during the robbery. But defendant's proposed witness was not present when the robbery occurred and the jury was already presented with testimony from defendant and the victim regarding whether defendant had a gun during the robbery. Because defendant's proposed witness was not present for the robbery, his testimony about defendant never carrying a firearm had limited probative value. The jury could have easily believed both that witness and the victim, and nevertheless have reached the conclusion that even though defendant did not previously have a firearm he did have one during the robbery. Thus, in light of the limited probative value of this proposed witness's testimony defendant was not prejudiced by its omission.

Similarly, it is unclear how defendant's offer of testimony regarding how he procured "call girls" for the victim would have been helpful to his defense. The jury might have drawn unfavorable inferences against defendant as well as the victim based on these purported acts. And defendant provided less salacious trial testimony regarding his friendship with the victim that served the purpose of rebutting the victim's testimony that he knew defendant only in "a snow shoveling capacity." Thus, defendant has failed to show that his trial counsel was ineffective for failing to call witnesses to testify as defendant now suggests.

## IV. CONCLUSION

We affirm defendant's convictions and sentences for the reasons stated in this opinion.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Thomas C. Cameron